1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5    SHAWN HEATON, et al.,

6              Plaintiffs,                    Case No. 14-cv-05191-TEH

7         v.
                                             **ORDER DENYING DEFENDANTS'**
8    SOCIAL FINANCE, INC., et al.,           **MOTION FOR CERTIFICATION**
                                             **UNDER 28 USC § 1292(B)**
9              Defendants.

10

11         This matter came before the Court on January 11, 2016 for oral argument on

12   Defendants' motion to certify for interlocutory appeal the Court's November 4, 2015 order

13   denying Defendants' motion for summary judgment.  Having carefully considered the

14   parties' written and oral arguments, the Court now DENIES Defendants' motion for the

15   reasons set forth below.

16

17   **BACKGROUND**

18         Defendant SoFi and its wholly-owned subsidiary SoFi Lending (collectively

19   "Defendants") seek review of the Court's November 4, 2015 order denying Defendants'

20   motion for summary judgment by way of a discretionary interlocutory appeal pursuant to

21   28 U.S.C. § 1292(b).  Plaintiffs oppose the motion, arguing that an interlocutory appeal is

22   not warranted.

23         Plaintiffs Shawn Heaton ("Heaton") and Anna Ahlborn ("Ahlborn") (collectively

24   "Plaintiffs") each had hard inquiries performed on their credit as a result of activity on

25   Defendants' website.  Plaintiffs contend that Defendants performed the hard inquiries

26   without a permissible purpose; therefore Defendants violated the Fair Credit Reporting Act

27   ("FCRA"), California Consumer Credit Reporting Agencies Act ("CCRAA"), and

28   California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").

United States District Court
Northern District of California

United States District Court
Northern District of California

1     In the Court's November 4, 2015 order ("MSJ Order"), the Court denied

2   Defendants' motion for summary judgment, finding that there were triable issues of

3   material fact as to whether Defendants violated the applicable statutes.  (Docket No. 94-1).

4   Notably, the Court rejected Defendants contention that there could be no willful violation

5   of the FCRA when Defendants' interpretation of a "permissible purpose" under the FCRA

6   for performing hard inquiries was not objectively unreasonable, because the Court

7   concluded that Defendants had offered no evidence of their actual interpretation of the

8   statute.  *Id.* at 10-12.  The Court also rejected Defendants' argument that Plaintiffs had not

9   demonstrated a loss of money or property to constitute standing under the UCL, finding

10  that in cases such as this one, a decrease in credit score can be sufficient for UCL standing.

11  *Id.* at 12-13.

12      The Court also denied Defendants' motion for leave to file a motion for

13  reconsideration, but amended its order to ensure that all of Defendants' arguments were

14  addressed sufficiently.  (Docket No. 94.)  Defendants now request that the Court certify the

15  MSJ Order for interlocutory appeal.  (Docket No. 96.)

16

17  **LEGAL STANDARD**

18      Generally, the United States Courts of Appeals have jurisdiction over appeals from

19  "final decisions of the district courts."  28 U.S.C. § 1291.  However, 28 U.S.C. § 1292(b)

20  ("Section 1292(b)") is an exception to the final judgment rule, where "litigants can bring

21  an immediate appeal of a non-final order upon the consent of both the district court and the

22  court of appeals."  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.3d 1020, 1025-26

23  (9th Cir. 1982) (*en banc*).

24      A party may bring an interlocutory appeal of a district court's order where the order

25  "involves a controlling question of law as to which there is substantial ground for

26  difference of opinion and [] an immediate appeal from the order may materially advance

27  the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[T]his section [is] to be

28  used only in exceptional situations in which allowing an interlocutory appeal would avoid

2

1    protracted and expensive litigation." *Cement Antitrust Litig.*, 673 F.3d at 1026; *see also*

2    *United States v. Woodbury*, 263 F.2d 784, 788 (9th Cir. 1959) ("[I]n passing [§1292(b)]

3    Congress did not intend that the courts abandon the final judgment doctrine and embrace

4    the principle of piecemeal appeals.").

5            "The decision to certify an order for interlocutory appeal is committed to the sound

6    discretion of the district court." *United States v. Tenet Healthcare Corp.,* 2004 WL

7    3030121, at \*1 (C.D.Cal. Dec. 27, 2004) (citing *Swint v. Chambers County Comm'n,* 514

8    U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).  As such, "[e]ven when all three

9    statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny

10   certification." *Brizzee v. Fred Meyer Stores, Inc.,* 2008 WL 426510, at \*3 (D.Or. Feb. 13,

11   2008) (quoting *Ryan, Beck & Co., LLC v. Fakih,* 275 F.Supp.2d 393, 396 (E.D.N.Y.

12   2003)).  By the same token, "[e]ven where the district court makes such a certification, the

13   court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so

14   quite frequently." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 n.6 (9th Cir.

15   2002) (citation omitted).

16           Defendants, as the party seeking certification, have the burden of showing that

17   exceptional circumstances justify a departure from the basic policy of postponing appellate

18   review until after the entry of a final judgment. *See Villarreal v. Caremark LLC*, 85 F.

19   Supp. 3d 1063, 1067 (D. Ariz. 2015).

20

21   **DISCUSSION**

22           Defendants identify two questions of law that they wish to certify:

23   (1)     Whether a defendant must provide evidence of its express, pre-litigation

24           interpretation of the FCRA before a court is obliged to conduct the

25           "objectively reasonable" analysis announced in *Safeco* with respect to claims

26           for willful violation of the FCRA; and/or

27   (2)     Whether a diminished credit score alone constitutes a loss of "money or

28           property" under California's Unfair Competition Law.

3

United States District Court
Northern District of California

1          Courts must consider three factors when determining whether an order is suitable

2     for interlocutory review: (1) whether the order involves a controlling question of law; (2)

3     whether there is a substantial ground for difference of opinion; and (3) whether immediate

4     appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. §

5     1292(b).  "All three requirements must be met for certification to issue[]" under Section

6     1292(b).  *Kight v. Eskanos & Adler, P.C.*, No. 05-CV-1999-L, 2007 WL 173825, at *2

7     (S.D. Cal. Jan. 8, 2007) (citation omitted).

8

9     **I.      FIRST GROUND: Whether a defendant must provide evidence of its express,**

10            **pre-litigation interpretation of the FCRA before a court is obliged to conduct**

11            **the "objectively unreasonable" analysis announced in *Safeco* with respect to**

12            **claims for willful violations of the FCRA**

13

14          The parties and the Court are familiar with *Safeco Insurance Company v. Burr*.  551

15    U.S. 47 (2007).  The *Safeco* Court held that, as used in the FCRA, the term "willful"

16    included objectively reckless violations, and that a company "does not act in reckless

17    disregard of [FCRA] unless the action is not only a violation under a reasonable reading of

18    the statute's terms, but shows that the company ran a risk of violating the law substantially

19    greater than the risk associated with a reading that was merely careless."  *Id.* at 69.

20    Applying this standard, the Court held that the defendants did not "willfully" violate the

21    FCRA where their "reading of the statute, albeit erroneous, was not objectively

22    unreasonable . . . and so [fell] well short of raising the 'unjustifiably high risk' of violating

23    the statute necessary for reckless liability."  *Id.* at 69-70.

24          Notably, the Court in *Safeco* rejected the plaintiffs' argument that evidence of

25    subjective bad faith must be considered in order to find a "willful" violation.  *Id.* at 70

26    n.20.  The Court explained, "Where, as here, the statutory text and relevant court and

27    agency guidance allow for more than one reasonable interpretation, it would defy history

28    and current thinking to treat a defendant who merely adopts one such interpretation as a

United States District Court
Northern District of California

1    knowing or reckless violator." *Id.*

2         Courts in this district have applied *Safeco* to grant both motions to dismiss and

3    motions for summary judgment where a defendant's statutory interpretation was not

4    objectively unreasonable.  *E.g.*, *Andrade v. Desert Champions, LLC*, No. 15-CV-1394,

5    2015 WL 4150695, at *4 (N.D. Cal. July 9, 2015); *Banga v. First USA, N.A.*, 29 F. Supp.

6    3d 1270, 1278 (N.D. Cal. Mar. 20, 2014); *but see Dunford v. Am. DataBank, LLC*, 64 F.

7    Supp. 3d 1378, 1394-95 (N.D. Cal. Aug. 12, 2014) (considering, but denying, motion for

8    summary judgment, where factual disputes prevented court from determining that policy

9    was not objectively unreasonable).  Here, in its order denying summary judgment, the

10   Court did not decide whether the interpretation was objectively unreasonable, but rather

11   focused on whether Defendants could use their purported interpretation at all without

12   providing evidence that it was their actual interpretation.  MSJ Order at 11.  The Court

13   found that material facts were disputed as to whether Plaintiffs "requested credit" such that

14   Defendants reasonably believed there was a permissible purpose for performing hard

15   inquiries; thus, summary judgment was not warranted.  *Id.; see, e.g., Smith v. HireRight*

16   *Sols., Inc.*, 711 F. Supp. 2d 426, 434 (E.D. Pa. 2010) ([The *Safeco* Court] was operating

17   under a summary judgment standard of review. It found no genuine issue of material fact

18   as to whether the defendant's interpretation of the statute – albeit erroneous – was

19   objectively unreasonable.").

20

21        **A.    The *Safeco* question is not a controlling question of law.**

22        Under § 1292(b), the first factor the Court must consider is whether the order to be

23   appealed involves "a controlling question of law."  28 U.S.C. § 1292(b).  Congress did not

24   specify what it meant by "controlling" for purposes of Section 1292(b).  *Cement Antitrust*

25   *Litig.*, 673 F.3d at 1026.  "[A]ll that must be shown in order for a question to be

26   'controlling' is that resolution of the issue on appeal could materially affect the outcome of

27   litigation in the district court."  *Id.*  A "question of law" is interpreted as being a pure legal

28   question, such that the court of appeals could decide the question "quickly and cleanly

United States District Court
Northern District of California

5

1    without having to study the record." *Matsunoki Grp., Inc. v. Timberwork Or., Inc.,* No.

2    08-CV-04078, 2011 WL 940218, *2 (N.D. Cal. Feb. 18, 2011) (citing *Ahrenholz v. Bd.*

3    *Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000).

4              Questions of law that are considered "controlling" are usually fundamental issues,

5    such as who are proper parties, whether a court has jurisdiction, and whether state or

6    federal law should apply.  *Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *Woodbury*, 263

7    F.2d at 787).  In *Rollins v. Dignity Health*, this Court found it convincing that Defendants'

8    estimated costs that would be incurred to respond to "currently pending and expected

9    discovery requests" and motions were upwards of $500,000 – costs that would not be

10   incurred if the Ninth Circuit reversed the order.  No. 13-CV-1450, 2014 WL 6693891, at

11   *2 (N.D. Cal. Nov. 26, 2014).  Here, Defendants provided no such figures.

12             Defendants appear certain that even if their purported interpretation were

13   established, it would be considered objectively reasonable.  However, while the Court did

14   reject Defendants' contention that the inquiry would mirror a qualified immunity analysis

15   (that absent any clear precedent from the Supreme Court or Ninth Circuit, it could not be

16   objectively unreasonable), it did not reach the objective reasonableness of the purported

17   interpretation.  Even if the Ninth Circuit on interlocutory appeal were to find for

18   Defendants on the issue of whether *Safeco* allows their inference to be considered as their

19   interpretation of the FCRA, the objective reasonableness would still remain to be

20   determined – either by this Court on remand or by the Ninth Circuit itself.[1]  Thus, the

21   Ninth Circuit finding in favor of Defendants on this legal question would not, as

22   Defendants contend, necessarily be dispositive.[2]

23

24   [1] At oral argument, defense counsel asserted that the Ninth Circuit would determine this
     issue *sua sponte*, as the Supreme Court did in Safeco itself, and the Seventh Circuit did in
25   *Van Straaten v. Shell Oil Prods., Co.*, 678 F.3d 486 (7th Cir. 2012).  However, the Court is
     not convinced that the Ninth Circuit would do so, as it may find (as this Court did in the
26   MSJ Order), that disputed facts remained as to the basis for Defendants' purported
     interpretation.  *See Dunford,* 64 F. Supp. 3d at 1394 (summary judgment inappropriate
27   when factual disputes remained as to actual interpretation and surrounding circumstances).
     [2] Plaintiffs also contend that even if either court found Defendants' purported
28   interpretation to be objectively reasonable under *Safeco*, such a finding would not be
     dispositive because a "willful" violation of the FCRA encompasses both knowing and

1    For these reasons, Defendants have not met the burden of showing that the issue is

2    controlling such that it constitutes an "exceptional situation" warranting interlocutory

3    review.  While the absence of one factor is sufficient to deny certification under Section

4    1292(b), the Court will address the remaining factors for completeness.

5

6    **B.      There are substantial grounds for difference of opinion on the *Safeco***

7    **question.**

8    The second Section 1292(b) factor is whether there are substantial grounds for

9    difference of opinion on the question at issue.  Courts traditionally will find this factor

10   exists where "the circuits are in dispute on the question and the court of appeals of the

11   circuit has not spoken on the point, if complicated questions arise under foreign law, or if

12   novel and difficult questions of first impression are presented." 3 Federal Procedure,

13   Lawyers Edition § 3:212 (2010) (footnotes omitted).  "However, just because a court is the

14   first to rule on a particular question or just because counsel contends that one precedent

15   rather than another is controlling does not mean there is such a substantial difference of

16   opinion as will support an interlocutory appeal.'" *Couch v. Telescope, Inc.,* 611 F.3d 629,

17   633 (9th Cir. 2010) (internal quotation marks and citation omitted).

18   "One of the best indications that there are substantial grounds for disagreement on a

19   question of law is that other courts have, in fact, disagreed."  *Rollins,* 2014 WL 6693891,

20   at *3 (citing *Couch*, 611 F.3d at 633); *see also Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d

21   681, 688 (9th Cir.2011) ("[W]hen novel legal issues are presented, on which fair-minded

22   jurists might reach contradictory conclusions, a novel issue may be certified for

23   interlocutory appeal."); *AsIs Internet Servs. v. Active Response Grp.,* No. 07–cv–06211,

24   2008 WL 4279695, at *3 (N.D.Cal. Sept. 16, 2008) (substantial ground for difference of

25   opinion existed where there was an "intra-district split" on a novel legal issue).

26

27   reckless violations; *Safeco* only dealt with reckless.  Opp'n at 3.  The Court need not reach
     this argument, as it has already determined that the question is not controlling; however,
28   the argument bolsters the contention that further briefing and/or argument would be
     necessary before the Court were to dispose of the FCRA claims.

United States District Court
Northern District of California

1          Here, there is a clear split of authority.  Some courts find that the "objectively

2   reasonable" determination cannot be made without knowing what the interpretation or

3   reading of the statute actually was.  *E.g. Gillespie v. Equifax Info. Servs.,* No. 05-CV-0138,

4   2008 WL 4316950, at *7 (N.D. Ill. Sept. 15, 2008) (denying motion for summary

5   judgment where, among other reasons, defendant had not offered evidence that it "actually

6   adopted a particular construction" of the relevant statutory section); *Dunford,* 64 F. Supp.

7   3d at 1394 (defendants cannot use attorney-client privilege as a sword and a shield, saying

8   that they used an interpretation that was objectively reasonable, but not showing evidence

9   of the interpretation because it is attorney work product).  Other courts expressly foreclose

10  requiring a pre-litigation interpretation.  *E.g., Long v. Tommy Hilfiger U.S.A.*, 671 F.3d

11  371, 377 (3d Cir. 2012) (defendant did not need to actually interpret the FCRA prior to

12  commencement of a lawsuit in order to be sheltered by the "safe harbor" of Safeco); *Fuges*

13  *v. Sw. Fin. Svcs., Ltd.*, 707 F.3d 241, 250-51 (3d Cir. 2012) (argument that a defendant

14  should not be allowed to seize upon a *post hoc* objectively reasonable interpretation to

15  avoid liability would be an "assertion about the defendant's intent or bad faith," which was

16  "expressly foreclosed by *Safeco*").

17         For this reason, the Court finds that Defendants have sufficiently shown that there is

18  a substantial ground for difference of opinion on the *Safeco* question.  Defendants have

19  identified a split of authority, and that other circuit courts have decided the issue contrary

20  to this Court's decision.  *Cf. Union County v. Piper Jaffray & Co.,* 525 F.3d 643, 647 (8th

21  Cir. 2008) ("'While identification of a sufficient number of conflicting and contradictory

22  opinions would provide substantial ground for disagreement,' the County offered no such

23  Iowa opinions, statutes or rules, and 'a dearth of cases' does not constitute 'substantial

24  ground for difference of opinion.'") (quoting *White v. Nix,* 43 F.3d 374, 378 (8th

25  Cir.1994)).

26

27  ///

28  ///

United States District Court
Northern District of California

8

1

2

**C.    Certifying an interlocutory appeal would not materially advance the ultimate termination of litigation.**

3          The third factor for the Court to consider is whether an interlocutory appeal would

4    materially advance the termination of the litigation.  "Given the standard for a 'controlling

5    question of law' … the considerations of [the third] factor overlap significantly with the

6    first one." *Rollins*, 2014 WL 6693891, at \*4.  The third factor is directed to the very

7    purpose of § 1292(b) as an exception to the final judgment rule: to "facilitate disposition of

8    the action by getting a final decision on a controlling legal issue sooner, rather than later

9    [in order to] save the courts and the litigants unnecessary trouble and expense." *Leite v.*

10   *Crane Co.,* No. 11-CV-00636, 2012 WL 1982535, at \*6-7 (D. Haw. May 31, 2012) (citing

11   *United States v. Adam Bros. Farming, Inc.,* 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)).

12          As discussed with regard to the first factor, the *Safeco* issue is not necessarily

13   dispositive, and even if decided in Defendants' favor, would still require a determination

14   as to objective reasonableness.  *See In re Related Asbestos Cases*, 23 B.R. 523, 532 (N.D.

15   Cal. 1982) ("Certification under 1292(b) is intended to be used in the few situations where

16   an immediate appeal … would more speedily terminate the litigation.") (internal quotation

17   marks and citation omitted).  Defendants contend, and the Court agrees, that *if* the Ninth

18   Circuit concluded that Defendants' assertion of their interpretation was sufficient without

19   further evidence *and* either this Court or the Ninth Circuit found that the purported

20   interpretation was objectively reasonable, there could be no willful violation of the FCRA

21   or CCRAA.  It therefore would follow that the only claims that would remain in this case

22   would be the FCRA false pretenses claim[3] and UCL (fraudulent prong) claims, which

23   would greatly shorten the discovery and trial process.

24          However, the Ninth Circuit has concluded that time saving is not enough to meet

25

26   [3] The Court notes that having an objectively reasonable interpretation under *Safeco* would
     not absolve Defendants of liability under 15 U.S.C. § 1681q, as *Safeco* did not involve a
27   false pretenses claim.  The Court finds untenable the argument that merely articulating a
     *post hoc* objectively unreasonable interpretation could excuse Defendants in the face of
28   evidence that they knowingly and willfully obtained information from Plaintiffs under
     false pretenses.

1    the burden of Section 1292(b) certification, because it "would not materially affect the

2    outcome of [the] litigation, but only its duration." *Cement Antitrust Litig.*, 673 F.2d at

3    1027; *see also Rollins*, 2014 WL 1048637, at \*2. Furthermore, it is unclear how much

4    time would necessarily be saved by an interlocutory appeal. If the Court certified the

5    interlocutory appeal and stayed the proceedings, the trial would be delayed for months

6    while the Court waited for a ruling. Even if the Ninth Circuit ruled in favor of the

7    Defendants, this matter would still have to be tried, experts would need to be deposed, and

8    the litigation would proceed in a substantially similar fashion.

9          Cases where courts find the third Section 1292(b) factor often are large, multi-

10    district litigation cases where Ninth Circuit review and resolution of an issue would clarify

11    the issue for not only the instant case, but also other cases already pending before the

12    Court or in other courts. *See Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.

13    1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take

14    into account in deciding whether to accept an appeal that has been properly certified by the

15    district court."); *Al Maqaleh v. Gates,* 620 F.Supp.2d 51, 55 (D.D.C. 2009)

16    ("[I]nterlocutory appeal is warranted where the jurisdictional determination will impact

17    numerous cases."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 399

18    F.Supp.2d 320, 324 (S.D.N.Y. 2005) (stating that courts consider, in part, whether the

19    certified issue has precedential value for a large number of cases); *Krangel v. Crown,* 791

20    F. Supp. 1436, 1449 (S.D. Cal. 1992) ("Certification for appeal may also materially

21    advance the conclusion of other cases involving this same legal issue."). Here, Defendants

22    made no such showing that other cases would be affected by review of this issue.

23          For these reasons, the Court finds that Defendants have not met their burden of

24    showing that certification of interlocutory appeal on the Safeco question would materially

25    advance the termination of this litigation.

26

27    ///

28    ///

United States District Court
Northern District of California

United States District Court
Northern District of California

1   **II.    SECOND GROUND: Whether a diminished credit score alone constitutes loss**

2            **of "money or property" under California's Unfair Competition Law.**

3

4           California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent

5   business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus.

6   & Prof. Code § 17200.  Standing under California's UCL is "substantially narrower" than

7   Article III standing: the plaintiff must demonstrate a loss of money or property.  *Kwikset*

8   *Corp. v. Super. Ct.*, 246 P.3d 877, 885-86 (Cal. 2011).  In its November 4 order, the Court

9   found:

10
11
12
13
14

> It is true that hypothetical and non-particularized injury is insufficient for UCL standing, and that in some cases, a drop in credit score is too hypothetical.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-61 (9th Cir. 2009).  However, the majority of courts[4] in this Circuit have found that in some cases a decreased credit score can be sufficient for UCL standing, and the Ninth Circuit has cited this with approval.  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010).[5]

15   MSJ Order at 13.  As with the *Safeco* question above, the Court will address the three

16   Section 1292(b) factors in turn.

17

18        **A.    The UCL standing question is not a controlling question of law.**

19           Here, as with the first issue presented by Defendants, the question of law is not

20   controlling.  While it is true that a finding for Defendants on this issue would dispose of

21   the UCL claims at least as to Plaintiff Ahlborn (because Ahlborn did not allege any injury

22   besides the drop in credit score in the Second Amended Complaint), such a decision would

23

24        [4] *E.g. White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006);

25   *Venugopal v. Digital Fed. Credit Union*, No. 12-6067-ED, 2013 WL 1283436, at *5 (N.D. Cal. Mar. 27, 2013); *Aho v. AmeriCredit Fin. Servs., Inc.*, No. 10-CV-1373, 2011 WL

26   2292810, at *2 (S.D. Cal. June 9, 2011).
[5] While the *Rubio* case did not have analogous facts (it involved a loss of a credit account,

27   not a drop in credit score), it cites with approval to *White v. Trans Union LLC*, which said "[t]he perpetration of Credit Reports containing inaccurate erroneous information

28   regarding "due and owing" debts is sufficient injury to grant Plaintiffs standing."  462 F. Supp. 2d at 1084.

1    only dispose of one claim, not the entire suit.  As the resolution of this claim on appeal

2    would have some impact on the case but would not be dispositive, the proposed appeal

3    does not concern a controlling issue of law.  *See Mateo v. M/S KISO*, 805 F. Supp. 792,

4    800 (N.D. Cal. 1992).  Defendants do not identify any exceptional circumstances that

5    would convince this Court that the issue is controlling.  Rather, Defendants claim that

6    resolution of this on interlocutory appeal will "simplify" litigation.  Section 1292(b) was

7    not intended "merely to provide review of difficult rulings in hard cases."  *U.S. Rubber Co.*

8    *v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  For these reasons, the Court finds that the

9    UCL standing issue is not a controlling question of law.

10

11          **B.      There are substantial grounds for difference of opinion on the UCL**

12                 **standing issue.**

13    "[A] party's strong disagreement with the Court's ruling is not sufficient for there to

14    be a substantial ground for difference.  That settled law might be applied differently does

15    not establish a substantial ground for difference of opinion."  *Couch*, 611 F.3d at 633

16    (internal marks omitted) (citing *Bush v. Adams,* 629 F.Supp.2d 468, 475 (E.D. Pa. 2009);

17    *see also Hansen v. Schubert,* 459 F.Supp.2d 973, 1000 (E.D. Cal. 2006); *Judicial Watch,*

18    *Inc. v. Nat'l Energy Policy Dev. Grp.,* 233 F.Supp.2d 16, 19–20 (D.D.C. 2002)).

19          Similar to the *Safeco* issue above, there is a split among courts as to whether a mere

20    drop in credit score is sufficient to establish standing under the UCL.  However,

21    Defendants' showing on this factor is weaker here than their showing on the *Safeco* issue,

22    because the Ninth Circuit in *Rubio* cited with approval the idea that in some cases a

23    decreased score can be sufficient for UCL standing.  613 F.3d at 1204.  Furthermore, the

24    Court must keep in mind that interlocutory appeal is reserved for exceptional

25    circumstances.  Deciding an issue on either side of a split of authority is precisely the

26    function of the district courts.  For these reasons, the Court finds that Defendants have not

27    met their burden of showing substantial grounds for difference of opinion such that

28    interlocutory review would be necessary.

United States District Court
Northern District of California

United States District Court
Northern District of California

**C.      Certifying an interlocutory appeal would not materially advance the ultimate termination of litigation.**

"Where a substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling … arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive." *Lillehagen v. Alorica*, No. 13-CV-0092, 2014 WL 2009031, at \*7 (C.D. Cal. May 15, 2014) (quoting *Friedman v. 24 Hour Fitness USA, Inc.*, No. 06-CV-6282, 2009 WL 545783, at \*2 (C.D. Cal. Mar. 3, 2009)) (internal marks and other citation omitted).  Because the Court resolved the question at issue in this motion, finding that a drop in credit score alone is sufficient in the instant case, the litigation is now moving forward.  Plaintiffs plan to move for class certification, and the Court has set a schedule for expert discovery relating to the class certification motion. (Docket No. 95).  With this plan in place for these remaining matters, an interlocutory appeal of the Court's order – with the unavoidable delay in having to stay matters pending the appeal – would not materially advance the ultimate termination of this litigation.  For these reasons, the Court finds that certifying the UCL standing issue for interlocutory appeal would not materially advance the ultimate termination of litigation.

**CONCLUSION**

Considering Defendants' motion according to the requirements of Section 1292(b), for the reasons stated above, the Court finds that Defendants have failed to demonstrate an exceptional need for interlocutory appeal of this Court's order denying summary judgment. Accordingly, the motion for certification of an interlocutory appeal is DENIED.

**IT IS SO ORDERED.**

Dated:  01/20/16                                    _____
                                                                    THELTON E. HENDERSON
                                                                    United States District Judge

13