UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HEATON, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>SOCIAL FINANCE, INC., et al.,<br><br>      Defendants. | Case No. 14-cv-05191-TEH<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Shawn Heaton and Anna Ahlborn ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendants Social Finance, Inc. and SoFi Lending Corp. ("Defendants") (collectively, the "Parties"), have entered into a Settlement Agreement providing for the settlement of this case (the "Settlement").

Plaintiffs have moved for, and Defendants have indicated that they do not oppose, entry of this Order which: (a) conditionally certifies the Settlement Class (defined below) for settlement purposes only; (b) appoints Class Counsel; (c) appoints the Settlement Administrator; (d) provides for Notice of the Settlement to affected persons in accordance with the terms of the Settlement Agreement; (e) establishes procedures for objections to, and exclusions from, the proposed Settlement; and (f) sets a date for the Fairness Hearing.

The Court has considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of evidence of collusion between the Parties, and the experience of Settlement Class Counsel in this matter. The Court is preliminarily satisfied that the Settlement Agreement is fair, reasonable and adequate. The Court is further preliminarily satisfied that the proposed Notice to Settlement Class Members and the plan for disseminating such Notice is adequate and sufficiently informative as to the terms and effect of the proposed Settlement and the conditional certification of the Settlement Class.

Accordingly, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States. The Court also has jurisdiction over all parties to this action, including all members of the Settlement Class, as defined in Paragraph 3, below.

3. The Parties have agreed to and the Court provisionally certifies the following class for the purposes of settlement (the "Settlement Class"):

> All persons on whom SoFi made a "hard" credit inquiry between November 20, 2013 and August 13, 2014 inclusive in connection with a student loan refinancing or a personal loan who neither (a) funded a loan nor (b) uploaded all documents requested on the sofi.com website; provided, however, that the class shall not include any current or former legal representative, officer, director or employee of SoFi, the judge to whom the Action is assigned, or any member of such judge's immediate family (the "Settlement Class").

4. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting brief, declarations of counsel, and the entire record, the Court finds that certification of the Settlement Class under Fed. R. Civ. P. 23 is appropriate because (1) the Settlement Class is so numerous that joinder would be impracticable; (2) this action presents common issues of law and fact that predominate over any individual questions; (3) the named Plaintiffs and their counsel are adequate representatives of the Settlement Class; and (4) Plaintiffs' claims are typical of the claims of the members of the Settlement Class. Therefore, Plaintiffs' motion to certify the Settlement Class is GRANTED.

5. The Court hereby APPOINTS Berger & Montague, P.C., Nichols Kaster, PLLP and Gottlieb & Associates as Settlement Class Counsel.

///

6. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting brief, declarations of counsel, and the entire record, the Court preliminarily finds that the Settlement is fair, reasonable and adequate. Therefore, Plaintiffs' motion to preliminarily approve the Settlement is GRANTED.

7. The Court hereby APPOINTS Dahl Administration as Settlement Administrator. By accepting this appointment, the Settlement Administrator has agreed to be subject to this Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

8. The Settlement Administrator shall mail the Notice of the proposed Settlement in the manner described in sections 3.3 through 3.5 of the Settlement Agreement. Such Notice shall be substantially in the form of Exhibit 2 to the Settlement Agreement. Non-substantive changes may be made to the Notice by agreement of Parties without further order of this Court.

9. The Settlement Administrator shall also send an email to those Settlement Class Members who have supplied an email address to Defendants in the manner described in section 3.3.2 of the Settlement Agreement. Such email shall be substantially in the form of Exhibit 4 to the Settlement Agreement. Non-substantive changes may be made to the email by agreement of Parties without further order of this Court.

10. The Court finds that the Notice method specified in sections 3.3 through 3.5 of the Settlement Agreement and the manner of providing for opt-outs specified in section 3.7 of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

11. The Settlement Administrator shall file with the Court no later than **July 25, 2016** a sworn declaration (a) confirming that the Settlement Class Members' addresses were updated, and that the Notice was provided to all Settlement Class Members, as required by sections 3.3 and 3.5 of the Settlement Agreement; and (b) providing an accurate list of persons who opted out of the Settlement Class pursuant to section 3.7.1 of the Settlement Agreement.

1    12. If the Court does not enter the Final Judgment of the Settlement attached as
2  Exhibit 3 to the Settlement Agreement without material modification, or if the Final
3  Judgment is reversed in whole or in part on appeal, certification of the Settlement Class
4  will be vacated and the Parties will be returned to their positions *status quo ante* with
5  respect to the action as if the Settlement had not been entered into. If Final Approval is not
6  achieved, this Order and any other orders entered pursuant to the Settlement Agreement
7  preliminarily or finally approving the certification of any class contemplated by the
8  Settlement shall be null, void, and vacated, and shall not be used or cited thereafter in
9  connection with a class certification motion or for any other purpose.
10   Furthermore, if Final Approval is not achieved, the Settlement Agreement shall be
11 null and void and the fact of the Settlement, that Defendants did not oppose the
12 certification of any class under the Settlement, or that the Court preliminarily approved the
13 certification of a settlement class, shall not be used or cited thereafter for any purpose. In
14 addition, if the Final Judgment is reversed in whole or in part on appeal, the release of
15 claims set forth in section 5 of the Settlement Agreement shall be rescinded.
16   13. All materials and information provided by Defendants to Settlement Class
17 Counsel or the Settlement Administrator with respect to the members of the Settlement
18 Class may be used only for purposes of providing Notice to Settlement Class Members or
19 administering the Settlement. Settlement Class Counsel and the Settlement Administrator
20 are directed to limit access to such materials and information to persons who have a need
21 to know such information to provide Notice to the Settlement Class. Any person involved
22 in providing Notice to Settlement Class Members (other than the Parties' counsel and their
23 staffs) shall, before receiving any materials or information, sign Exhibit A to the Protective
24 Order previously entered in this case (Docket No. 40), and shall be bound by its terms.
25   14. A hearing ("Fairness Hearing") shall be held before this Court on the date
26 established in paragraph 24 to hear objections and determine: (i) whether the proposed
27 Settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the
28 Settlement Class Members and should be finally approved by the Court; (ii) whether Final

4

Judgment should be entered, dismissing the action on the merits and with prejudice, and to determine whether the release of claims, as set forth in the Settlement Agreement, should be approved; (iii) the amount of attorneys' fees and expenses reasonably incurred in prosecution of the litigation to be paid to Settlement Class Counsel; (iv) the amount of the Service Payment to be paid to the Settlement Class Representatives; and (vii) any such other matters as the Court may deem appropriate.

15. Defendants shall file a declaration no later than **April 25, 2016** establishing that the appropriate State officials have been timely served with notice of this Settlement, pursuant to 28 U.S.C. § 1715.

16. Any interested person who has not opted out of the Settlement Class may appear at the Fairness Hearing to contest the approval of the terms and conditions of the proposed Settlement. However, no person shall be heard unless that person: (i) has filed with the Court, and served upon counsel at the addresses indicated below, a written objection no later than the date established in paragraph 24; or (ii) shows good cause as to why that person was unable to file a written objection.

| **To Counsel for Plaintiff:** | **To Counsel for Defendants:** |
|---|---|
| E. Michelle Drake, Esq.<br>Berger & Montague, P.C.<br>43 Main Street SE, Suite 505<br>Minneapolis MN 55414 | James F. McCabe. Esq.<br>Morrison & Foerster LLP<br>425 Market St.<br>San Francisco, CA 94105-2482 |

All properly submitted objections shall be considered by the Court. Any Settlement Class Member who does not submit an objection in the manner provided above and section 3.9 of the Settlement Agreement shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved by the Court, unless good cause is shown.

17. Settlement Class Counsel shall file its request for approval of attorneys' fees, costs and reimbursement of expenses no later than the date established in paragraph 24.

///

5

18. Plaintiffs shall file a motion for Final Judgment and Final Approval of the Settlement, as well as any supplemental briefing in support of their motion for attorneys' fees and costs and payment of incentive awards, no later than the date established in paragraph 24. Counsel shall include a declaration setting forth the number of Class Members who opted out of the Class.

19. In preparing the motion for Final Approval, Plaintiffs shall confer with Defendants. The Court does not contemplate the need for a separate submission by Defendants, but if Defendants wish to submit any additional information, they must do so no later than **July 25, 2016.**

20. All proceedings in this action, other than such as may be necessary to carry out the terms and conditions of this Order, are hereby stayed and suspended as between the Plaintiffs and Defendants until further order of the Court.

21. The parties have advised the Court that there are, to their knowledge, no lawsuits pending in any state or federal court or in any arbitral forum asserting claims that would be foreclosed by Final Approval of this Settlement. To preserve the status quo pending this Court's determination on whether to approve the proposed Settlement, IT IS HEREBY ORDERED under 28 U.S.C. § 1651 and Rule 23 of the Federal Rules of Civil Procedure that:

Except as expressly provided in the Settlement Agreement, the Settlement Class Members are temporarily enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against Defendants with respect to any of the Released Claims.

This injunction is effective immediately, and will terminate at the time the Court determines whether to approve the class certification and proposed Settlement (unless converted into a permanent injunction in the Final Approval Order). Prior to that time, any request for relief from the injunction shall be made to this Court.

///

///

22. The Court expressly reserves the right to reschedule the Fairness Hearing without further notice other than to counsel of record, and to approve the proposed Settlement and request for approval of attorneys' fees and expenses at or after the originally scheduled Fairness Hearing.

23. The Court retains exclusive jurisdiction over the instant action and all matters arising out of or connected with the proposed Settlement.

24. Pursuant to this Order, the schedule for dissemination of Notice, opting out of or objecting to the proposed Settlement, briefing, and the date of the Fairness Hearing, is as follows:

(a) Deadline for mailing Notices: **May 5, 2016.**

(b) Deadline for filing Class Counsel's Fee Request and Named Plaintiffs' Service Payment Requests: **June 30, 2016.**

(c) Deadline for Settlement Class Members to opt out: **July 4, 2016.**

(d) Deadline for objections to proposed Settlement: **July 14, 2016.**

(e) Deadline for filing Motion for Final Approval: **July 18, 2016.**

(f) Deadline for filing responses to objections: **July 25, 2016.**

(g) Fairness Hearing: **Monday, August 8, 2016** at 10:00 AM, in Courtroom 2 on the 17th floor of the Phillip Burton Federal Courthouse in San Francisco.

**IT IS SO ORDERED.**

Dated: 04/20/16                    _____
                                                 THELTON E. HENDERSON
                                                 United States District Judge