UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HEATON, et al., | Case No. 14-cv-05191-TEH |
| Plaintiffs, | |
| v. | **ORDER GRANTING FINAL APPROVAL; GRANTING ATTORNEYS' FEES AND COSTS; GRANTING SERVICE PAYMENTS; ENTRY OF FINAL JUDGMENT** |
| SOCIAL FINANCE, INC., et al., | |
| Defendants. | |

Plaintiffs Shawn Heaton and Anna Ahlborn ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendants Social Finance, Inc. and SoFi Lending Corp. ("Defendants") (collectively, the "Parties"), entered into a Settlement Agreement dated April 4, 2016 (the "Settlement Agreement"), providing for the settlement of this case (the "Settlement").

A Fairness Hearing was held before this Court on August 8, 2016, to consider, among other things, whether the Settlement represents a fair, reasonable and adequate compromise of the action, whether to award fees and costs to Settlement Class Counsel, and whether to award incentive payments to Plaintiffs. Having carefully considered the Parties' arguments and the response of Settlement Class Members, IT IS HEREBY ORDERED THAT:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

2.      This Court has jurisdiction over the subject matter of this action, Plaintiffs, the Settlement Class (defined below), and Defendants.

3.      The request for entry of a Final Judgment and order of dismissal is hereby GRANTED.

1    4.    The Court finds that the Class proposed for purposes of the Settlement meets

2    the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement

3    Class in the action as follows:

> All persons on whom Defendants made a "hard" credit inquiry
> between November 20, 2013 and August 13, 2014 inclusive in
> connection with a student loan refinancing or a personal loan
> who neither (a) funded a loan nor (b) uploaded all documents
> requested on the sofi.com website; provided, however, that the
> class shall not include any current or former legal
> representative, officer, director or employee of Defendants, the
> judge to whom the action is assigned, or any member of such
> judge's immediate family (the "Settlement Class").

10    5.    The Court finds that the Settlement Agreement is the product of good faith

11    arms-length negotiations by the Parties, each of whom was represented by experienced

12    counsel.  The Court finds that the uncertainties and expense of continued litigation

13    (underscored by the Parties' disputes as to the validity of the claims), and Settlement Class

14    Counsel's endorsement of the Settlement Agreement as in the best interest of the

15    Settlement Class Members, weigh in favor of approval of the Settlement.  Accordingly, the

16    Court approves all terms set forth in the Settlement Agreement and the Settlement

17    reflected therein.  The Court further finds that such Settlement is, in all respects, fair,

18    reasonable, adequate and in the best interest of the Settlement Class Members.  The Court

19    directs the Parties to consummate and perform terms of the Settlement Agreement.

20    6.    The Court finds that the Notice provided for in the Order of Preliminary

21    Approval of Settlement has been provided to the Settlement Class, and such Notice

22    constituted the best notice practicable under the circumstances, and was in full compliance

23    with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due

24    process, the United States Constitution, and any other applicable law.  The Notice apprised

25    the Settlement Class of: (i) the pendency of the litigation; (ii) all material elements of the

26    proposed settlement, including but not limited to the relief afforded the Settlement Class

27    under the Settlement Agreement; (iii) the res judicata effect on the Settlement Class and of

28    their opportunity to object to, comment on, or opt-out of, the Settlement; (iv) the identity

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    of Settlement Class Counsel and of information necessary to contact Settlement Class

2    Counsel; and (v) the right to appear at the Fairness Hearing.  The Court is informed that

3    zero (0) Class Members objected to the Settlement and one (1) Class Member requested

4    exclusion from the Settlement.  The Court finds that full opportunity has been afforded to

5    the Settlement Class to participate in the Fairness Hearing.  Accordingly, the Court

6    determines that all Final Settlement Class Members are bound by this Final Judgment in

7    accordance with the terms provided herein.

8         7.    This action is dismissed with prejudice and without costs to any party, except

9    as provided for in the Settlement Agreement and in this Final Judgment.

10        8.    Within five business days of the Effective Date of the Settlement,

11   Defendants shall deliver $2.4 million to the Settlement Administrator for deposit into the

12   Settlement Fund.

13        9.    The Court finds that $673,035.95 is reasonable compensation for Settlement

14   Class Counsel's attorneys' fees and expenses.  The Court awards this amount, as

15   Settlement Class Counsel Fees, to Settlement Class Counsel from the Settlement Fund.

16   The Settlement Administrator shall wire transfer the Settlement Class Counsel Fees to

17   Settlement Class Counsel within five (5) business days of receipt of Defendants' $2.4

18   million deposit, in accordance with section 6.3.2 of the Settlement Agreement.

19        10.   The Court finds that $7,000.00 is reasonable compensation for Plaintiff

20   Shawn Heaton's services in this matter, and that $3,000.00 is reasonable compensation for

21   Plaintiff Anna Ahlborn's services in this matter.  The Court awards these amounts, as

22   Incentive Payments, to Plaintiffs from the Settlement Fund.  The Settlement Administrator

23   shall pay the Incentive Payments to each Plaintiff within five (5) business days of the

24   receipt of Defendants' $2.4 million deposit, in accordance with section 6.3.2 of the

25   Settlement Agreement.

26        11.   The Settlement Administrator shall mail checks to the Final Settlement Class

27   Members within five (5) business days of receipt of Defendants' $2.4 million deposit, in

28   accordance with section 7.2.1 of the Settlement Agreement.  All Initial Benefit Checks

1    issued to Final Settlement Class Members shall bear a legend stating that the check is not

2    valid ninety (90) days after the date of issuance.

3           12.    The Settlement Administrator shall effect the distribution of the sum of any

4    settlement checks that remain uncashed after the last check void date in accordance with

5    section 7.3 of the Settlement Agreement.  Any charitable distributions made pursuant to

6    section 7.3 of the Settlement Agreement shall be distributed to National Association of

7    Consumer Advocates 501(c)(3) fund.

8           13.    Upon Final Approval, Plaintiffs, each Settlement Class Member who has not

9    opted out of the settlement in accordance with the terms of this Settlement Agreement, and

10    each of their respective, executors, representatives, heirs, successors, bankruptcy trustees,

11    guardians, wards, agents and assigns, and all those who claim through them or who assert

12    claims on their behalf, shall be deemed to have completely released and forever discharged

13    the Released Parties, and each of them, from the Released Claims, as follows:

> [A]ny claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any type of relief and statutory or punitive damages predicated on any claim and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Plaintiffs or any Settlement Class Member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, connected with any acts or omissions that were raised or could have been raised in this action.

22          14.    Should either Plaintiff or any Final Settlement Class Member prosecute any

23    claim they have released in the preceding paragraphs, this Settlement may be pleaded as a

24    complete defense.

25          15.    Neither this Final Judgment nor the Settlement Agreement, nor any of its

26    terms or provisions nor any of the negotiations or proceedings connected with it, shall be

27    construed as an admission or concession by Defendants of the truth of any of the

28    allegations in the action, or of any liability, fault or wrongdoing of any kind, or construed

United States District Court
Northern District of California

4

as an admission by Plaintiffs or the Settlement Class as to any lack of merit of the claims or this action.

16.     Within thirty (30) days of the date when all other obligations set forth in the Settlement Agreement have been completed, the Parties shall jointly file with the Court a notice stating that they have complied with all requirements set forth in the Settlement Agreement, the Order of Preliminary Approval of Settlement, and this Final Judgment.

17.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Preliminary Approval of Settlement shall be deemed vacated and shall have no force and effect whatsoever.

18.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

19.     The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated:  08/09/16                                        _____
                                                                THELTON E. HENDERSON
                                                                United States District Judge